# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, also known as POLITICAL PRISONER, | ) ) ) Civil Action No. 2: 15-cv-0645 |
| Plaintiff, | ) ) Cathy Bissoon, ) United States District Judge |
| v. | ) ) Cynthia Reed Eddy, |
| JOHN E. WETZEL, Superintendent – SCI-Greene; SUPERINTENDENT – SCI SMITHFIELD; and NUMEROUS JOHN AND JANE DOES, | ) United States Magistrate Judge ) ) ) ) |
| Defendants. | ) |

## REPORT & RECOMMENDATION

### Recommendation

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

### Report

A.   Procedural History

Plaintiff, Alton D. Brown, a self-proclaimed Political Prisoner, is a state prisoner currently incarcerated at the State Correctional Institution ("SCI") at Greene, located in Waynesburg, Pennsylvania.

He initiated this action on May 19, 2015, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a six (6) page handwritten civil rights complaint dated May 15, 2015, and a document entitled "Plaintiff's Motion for TRO and Preliminary

Injunction." (ECF No. 1-1). The Complaint names as defendants the Superintendents of SCI-Greene and SCI-Smithfield, as well as "numerous John and Jane Does." Prior to his transfer to SCI-Greene, Brown was incarcerated at SCI-Smithfield.

In his Complaint, Plaintiff contends, as he often does, that he is a victim of a conspiracy, in that Defendants "[i]n a continuing effort to punish the Plaintiff because of his litigious behavior and prisoner rights activities, and sabotage, prevent, hinder, and stop his active and planned litigation, including attacks on his numerous criminal convictions, [ ] have conspired and transferred him to SCI-Greene, were (sic) he has been subjected" to a number of conditions and punishments, " including, inter alia, the following:

> (1) Placement "in a strip / hard cell, where he is forced to sleep and write on the floor, shave without a mirror, and go without food due to the extremely unsanitary manner in which his food is served in a special feeding box; which he cannot eat due to harmful effects it would have on his infected liver, his religious beliefs, and his principles . . .;
>
> (2) Defendants have "cut all his prescribed medications . . . .";
>
> (3) "Continued SCI-Smithfield refusal to provide complete / adequate medical care for his dietary needs; [ ]; chronic skin infections; and chronic shoulder and back pain . . .;" and
>
> (4) "Confiscation of his entire legal property," his "denture cup," and his "stockings."

Complaint at 2-3 (ECF No. 1-1).

    B.    <u>Relevant Law</u>

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" to proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(2); *Ball v. Famiglio*, 726 F.3d 448, 451–52 (3d Cir.

2

2013). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more occasions, has filed an action in a federal district court or on appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball*, 726 F.3d at 467.

Inmates with three strikes and who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when granting or revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to initiating the action immediately before the court. *Gibbs v. Ryan,* 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001)). When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that

3

"rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

C. Discussion

Brown is a serial pro se prisoner filer of lawsuits. *See Brown v. Secretary, Pennsylvania Department of Corrections*, 486 F. App'x 299, 302 (3d Cir. 2012) ("We are cognizant of the fact that Brown has an extensive history of litigation, and we share the District Court's concerns that his claims of imminent danger have been included in his complaint solely to avoid application of the 'three strikes' provision set forth in § 1915(g)"); *Brown v. Lancaster*, 2014 WL 1315996 (W.D.Pa. 2014) (detailing Brown's history of abusive litigation). In fact, as a result of his litigious behavior, on February 23, 2009, the United States Supreme Court denied Plaintiff's motion to proceed *in forma pauperis* and prohibited its Clerk of Court from accepting any further petitions from Plaintiff in noncriminal matters unless he pays the docketing fee. *See Brown v. Pa. Dep't of Corr.*, 555 U.S. 1161 (2009).

Plaintiff is also no stranger to being denied *in forma pauperis* status and the Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g).[1] *See Brown v. Blaine,* C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (listing strikes and denying IFP status pursuant to § 1915(g)); *Brown v. Blaine*, C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. President and CEO of Prison Health Services,* 2012 WL 926146 (E.D.Pa. March 16, 2012) (same); *Brown v. Beard,* 492 F. Supp.2d 474 (E.D.Pa. 2007) (Brown's allegations that he is not being provided a diet appropriate for a prisoner with Hepatitis C, he had a heart attack in 2005, he has high cholesterol, irregular heartbeat, high blood pressure

---

[1] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

and low sugar, and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

In assessing whether Brown satisfies the imminent danger exception, the Court must construe the allegations in the complaint in his favor. However, the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ball v. Famiglio,* 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted)). As the United States Court of Appeals for the Third Circuit has noted, "[a] court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." *Brown v. City of Philadelphia,* 331 F. App'x 898, 900 (3d Cir.), *cert. denied*, 558 U.S. 999 (2009). "To the contrary, a court may discredit

5

'factual claims of imminent danger that are 'clearly baseless.'" *Id.* (quoting *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998)). "Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible." *Id.* Thus, in *City of Philadelphia,* our appellate court determined that there was no error in not crediting the inmate's allegations of imminent danger where the inmate had "a pattern of abusing judicial process by repeatedly filing frivolous actions" and where the claims of imminent danger in the current pleadings were substantially similar to prior pleadings in that they set "forth [a] myriad [of] vague, generalized, and unsupported claims." *Id.*

After reviewing the allegations contained in the Complaint, the Court finds that Brown has not sufficiently and credibly alleged imminent serious danger of bodily injury. Here, Brown alleges that he is in "imminent / ongoing danger of serious / irreparable damage or death due to starvation, refusal to provide his medication, and their refusal to provide medical care for his painful and life-threatening diseases. Plaintiff is also in danger of contracting additional illnesses due to the starvation activities and intentional production of stress and anxiety." *Id*. at ¶ 13.

Brown's claims of imminent danger in this case repeat several themes commonly found in many of his prior lawsuits. [2] For example, in *Brown v. Beard*, 2010 WL 1257967 (E.D.Pa. 2010), he claimed that while incarcerated at SCI-Graterford, he was:

> subjected to continuous punishment by the defendants in retaliation because of his litigious behavior . . . .The tactics [e]mployed have thus far been physical and psychological abuse; denial of food (edible); subjection to 24-hour lighting, constant noise, housing around mentally and emotionally disturbed prisoners; unsanitary conditions; denial of basic hygienic items and showers; denial of clean

---

[2] As other courts have noted, Brown "has filed well over twenty pro se matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments." *Brown v. PA Dep't of Corr*., No. 93 M.D. 2011, 2012 WL 8666740, at *5 n. 7 (Pa. Commw. Ct. Mar. 29, 2012).

and adequate clothing and bedding; denial of legal and personal property; and [illegible] to unventilated cell and extreme temperatures.

This is also not the first time that Brown has alleged that his transfer to a different facility was in furtherance of a conspiracy to punish and deter him from pursuing further litigation. *See Brown v. Lancaster*, 2014 WL 1315996 (W.D.Pa. 2014) (transfer from SCI-Graterford to SCI-Smithfield was in furtherance of defendants' conspiracy). Plaintiff also has on numerous occasions filed lawsuits claiming that he was being deprived food or a sufficient diet. *See Brown v. Beard,* 492 F. Supp.2d 474 (E.D.Pa. 2007) (Brown's allegations that he was not being provided a diet appropriate for a prisoner with Hepatitis C was not sufficient to allege imminent danger of serious physical injury).

Further, Brown often complains of insufficient or inadequate medical care, which numerous courts have found that such claims do not invoke the imminent danger exception. *See Brown v. Lyons*, 2013 WL 5629774 (E.D.Pa. Oct. 16, 2013); *Brown v. Pa. Dep't of Corr.,* 2011 WL 344078 (E.D.Pa. Feb. 1, 2011); *Brown v. Beard*, 2010 WL 1257967 (E.D.Pa. Mar. 25, 2010); *Brown v. Beard,* 492 F. Supp.2d 474, 479 (E.D. Pa. 2007). *But see Brown v. Lyons,* C.A. No. 11-1707 (3d Cir. Nov. 16, 2012) ("some of [Brown's] claims strain credulity," while "others invoke the imminent danger exception"); *Brown v. Sec'y PA Dep't of Corr.*, 2012 WL 2511307 (3d Cir. July 2, 2012) (allegations of health problems caused by inadequate ventilation, heating, and cooling can meet the imminent danger standard).

Given Brown's long history of abusive litigation and the generalized nature of Brown's claims of imminent danger in this lawsuit, all of which are substantially similar to claims made in prior lawsuits, the Court is not required to accept these allegations as true, pursuant to *City of Philadelphia,* 331 F. App'x at 900 (quoting *Gibbs,* 160 F.3d at 967). Here, Brown has not

7

offered anything in his Complaint to collaborate his bare assertions, such as medical documentation, which, given his history of abusive litigation, the Court concludes is necessary for this Court to accept such allegations as credible.

**Conclusion**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days after service of this Report and Recommendation to file Objections to this Report And Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 11, 2014.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: ALTON D. BROWN
DL-4686
S.C.I. Greene
169 Progress Drive
Waynesburg, PA 15370
*Via U.S. Postal Mail*